```
              UNITED STATES DISTRICT COURT
          IN AND FOR THE DISTRICT OF DELAWARE
```

| | | |
|---|---|---|
| BARBARA R. JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| | ) | |
| NANTICOKE MEMORIAL HOSPITAL, INC. | ) | Demand for Jury Trial |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

By and through counsel, Barbara R. Johnson, complains as follows:

JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 (29 U.S.C. §§ 1001 et seq.), referred to below as the Act. This Court has jurisdiction under 29 U.S.C. § 1132(e).

2. Venue is properly laid in this Court pursuant to 29 U.S.C. § 1332(e)(2) as it is the district where the plan is administered.

PARTIES

3. Plaintiff Barbara Johnson is an adult individual and citizen of Delaware. Plaintiff was married to Edward Hancock who was employed at various times material to this action by the Defendant, which is an employer engaged in interstate commerce within the meaning of Section 4(a) of the Act (29 U.S.C. §

1003(a)) and which has made contributions on behalf of Edward Hancock to the Deferred Compensation Plan. Plaintiff is a beneficiary in the Deferred Compensation Plan within the meaning of Section 3(8) of the Act (29 U.S.C. § 1002(8)).

4. At all times material, defendant Nanticoke Memorial Hospital, Inc. has been the administrator of the Deferred Compensation Plan. At all times material, the Deferred Compensation Plan has maintained its offices and principal place of business at 801 Middleford Road, Seaford, DE 19973.

FACTS

5. At all times material to this action the Deferred Compensation Plan has been a pension plan within the meaning of Section 4(a)(1) of the Act (29 U.S.C. § 1003(a)(1)). (See Exhibit A).

6. The Defendant is a tax-exempt organization which operates Nanticoke Memorial Hospital and affiliated medical centers and outpatient services in Sussex County, Delaware.

7. The Defendant maintains a deferred compensation plan which provides a supplemental retirement benefit, in addition to the Administrator's tax qualified retirement arrangements to its former CEO and President – Edward Hancock.

8. Mr. Hancock terminated his employment with the Defendant in November 2004.

9. Mr. Hancock is divorced and a portion of his deferred compensation benefits is distributed directly to his former spouse – the Plaintiff.

10. On May 25, 2007, Plaintiff sent a written request to Defendant for, among other documents, the latest available summary plan description and plan description for the Deferred Compensation Plan. (See Exhibit B)

11. Defendant has failed to respond to Plaintiff's written request for a period of more than thirty (30) days and has thereby violated Sections 104(b)(4) and 502(c)(1) of the Act (29 U.S.C. §§ 1024(b)(4), 1132(c)(1)).

WHEREFORE, Plaintiff requests that the Court:

A. Order Defendant to furnish the Plaintiff with a copy of all materials requested by Plaintiff on May 25, 2007;

B. Pursuant to the provisions of Section 502(c)(1) of the Act (29 U.S.C. § 1132(c)(1)), require Defendant to pay Plaintiff $100.00 per day commencing thirty (30) days after the written request was made;

C. Impose such other penalties on Defendant as it may deem appropriate as a deterrent to similar failures or refusals to comply with the Act in the future; and

D. Pursuant to 29 U.S.C. § 1132 (g)(1), award Plaintiff reasonable attorney's fees and costs of this action.

                                      **COOCH & TAYLOR**

                                      _/s/ Eric M. Andersen_
                                      Eric M. Andersen (No. 4376)
                                      H. Alfred Tarrant, Jr. (No. 445)
                                      824 N. Market Street, Ste. 1000
                                      Wilmington, DE  19801
                                      302-652-3641
                                      _Attorneys for Barbara R. Johnson_

DATED:  July 20, 2007

# EXHIBIT "A"

e

                         National Tax        Internal Correspondence
                         1225 Connecticut Avenue, N.W.
                         Washington, D.C. 20036

**Tax Advisor/Client Communication**
**Privileged And Confidential**

October 13, 2006

To:    Nanticoke Health Services, Inc. Tax Files

From:  Ira Mirsky

## Issues Related to Supplemental Retirement Arrangement and Retiree Medical Benefits Provided to Mr. Edward Hancock

The purpose of this memorandum is to provide an executive summary of issues related to both the supplemental retirement arrangement and retiree medical benefits provided to Mr. Edward Hancock in connection with the termination of his employment with Nanticoke Health Services, Inc.

## Facts

Nanticoke Health Services, Inc. (Nanticoke) is a tax-exempt organization which operates Nanticoke Memorial Hospital, and affiliated medical centers and outpatient services in Sussex County Delaware.

Nanticoke maintains a supplemental executive retirement plan (SERP) which provides a supplemental retirement benefit, in addition to the Nanticoke's tax-qualified retirement arrangements, to its former CEO and President – Mr. Edward Hancock. Mr. Hancock terminated his employment with Nanticoke in November of 2004, and the first of 60 quarterly installment payments from the SERP commenced on January 3, 2005. Mr. Hancock is divorced, and a portion of his SERP benefits are distributed directly to his former spouse (Barbara Johnson).

The SERP is a nonqualified deferred compensation (NQDC) arrangement which has been assumed by Nanticoke, in essentially the same form first established by an agreement between Mr. Hancock and the predecessor entity, Nanticoke Memorial Hospital, Inc., prior to August 16, 1986, following Nanticoke's 1993 reorganization.

Under the terms of the SERP, each year Nanticoke credited Mr. Hancock's SERP account with an amount equal to 20% of his annual base compensation. Mr. Hancock's account balance was equally invested in four Fidelity mutual funds identified in the SERP plan

document. Mr. Hancock became entitled to his SERP account balance pursuant to the following vesting schedule:

- 80% vested upon continued employment through June 30, 1994;
- 90% vested upon continued employment through June 30, 1995;
- 100% vested upon continued employment *after* June 30, 1995;

Each year after 1995, Nanticoke continued to make fully vested contributions for Mr. Hancock's benefit under the SERP.

It is our understanding that no portion of Mr. Hancock's SERP benefit was taken into account as "wages", for FICA tax purposes, at the time of vesting. It is also our understanding that no tax information reporting or withholding was performed in connection with 2005 and 2006 SERP benefits distributions, both to Mr. Hancock and his former spouse.

Pursuant to Nanticoke's Separation Agreement with Mr. Hancock, he has also received a continuation of medical coverage for Mr. Hancock and his current spouse (Beth Hancock) until Mr. Hancock's 65th birthday. – It is our understanding that this benefit has not been taken into account as taxable compensation.

Nanticoke has retained Ernst & Young in order to advise on the correction of these and other outstanding 2005 and 2006 employment tax information reporting and withholding issues in connection with cash payments and other taxable benefits provided to Mr. Hancock pursuant to the terms of his Separation Agreement.

**Issues**

(1) What is the required tax treatment for the benefits provided under the SERP arrangement with Mr. Hancock? And what is Nanticoke's liability for any failure to report and withhold on these NQDC benefits for employment tax purposes?

(2) What is the required tax treatment for SERP benefits payments to Mr. Hancock's former spouse? And what is Nanticoke's liability for any failure to report and withhold on these SERP benefits to Mr. Hancock's former spouse?

(3) What is the FICA tax implication of Nanticoke's failure to take Mr. Hancock's SERP benefits into account as "wages," for FICA tax purposes, for each of the years of contribution/vesting?

(4) What alternatives (if any) are available for Nanticoke to avoid the unanticipated additional cost, both the Mr. Hancock and the Hospital, of the 6.2% Social Security tax on his SERP benefits?

Nanticoke Health Services, Inc. Tax Files

Page 3
October 13, 2006

(5) What is the required tax treatment of the continued medical coverage for Mr. Hancock and his current spouse? And what is Nanticoke's liability for the failure to take these benefits into account as additional taxable compensation for employment tax purposes?

**Conclusions**

(1) The NQDC arrangement with Mr. Hancock was established prior to August 16, 1986, and is "grandfathered" from taxation under IRC §457(f). Thus, the benefits provided under NQDC arrangement with Mr. Hancock will be subject to Federal income tax withholding (FITW), and Delaware state income tax withholding as the benefits are paid out. As discussed below, the benefits will also be subject to FICA taxation as the benefits are paid out pursuant to the NQDC rules under IRC §3121(v)(2) and the Regulations. These amounts constitute wages, and are subject to reporting on IRS Form W-2 for the year of payment.

Nanticoke is required to correct for its employment tax information reporting and withholding obligation in connection with the SERP distributions during 2005 and earlier periods in 2006, and could potentially mitigate its potential exposure for penalties and interest by voluntarily correcting these reporting and withholding errors. Pursuant to IRC §§3102(a) and 3402(a), Nanticoke has a joint and several liability for withholding the employee's share of FICA taxes and FITW, respectively. Nanticoke could also potentially be subject to accuracy-related penalties, and interest, in connection with its failure to properly report and withhold employment taxes on the payment of wages.

(2) The SERP benefits payments to Mr. Hancock's former spouse are subject to split reporting/taxation. For income tax purposes, the amounts are reported to the former spouse on Form 1099-MISC, Box 3 ("Other income"), with income taxes withheld and deposited as "non-wage withholding" with the IRS, and applicable State tax authorities (Delaware). However, for FICA tax purposes, the amounts are included as Social Security and Medicare wages (Boxes 3 and 5, respectively) on Mr. Hancock's Form W-2. FICA taxes are also withheld from the former spouse's distribution.[1]

As discussed at "(1)" above, Nanticoke is required to correct for its employment tax information reporting and withholding obligations. Further, Nanticoke faces substantial potential exposure for failing to correct these errors.

(3) The FICA tax implication of Nanticoke failing to take these SERP benefits into account as "wages," for FICA tax purposes, in each of the years of contribution/vesting is that Mr. Hancock will incur a liability for the 6.2% Social Security component of the FICA tax on his benefits for each of the next 13 years. Similarly, Nanticoke will have a corresponding liability for the employer's share of Social Security taxes.

---

[1] Rev. Rul. 2002-22 provides a limited exception to this general rule, described below.

Nanticoke Health Services, Inc. Tax Files

Page 4
October 13, 2006

Mr. Hancock was maxed-out on the Social Security wage base for each of the years in which his SERP benefits were contributed/vested and, therefore, he would only have been subjected to the 1.45% Medicare component of FICA taxes on his SERP benefits if they had been taken into account as "wages," for FICA tax purposes, at that time. Similarly, Nanticoke would only have been subjected to the employer's share of Medicare taxes on Mr. Hancock's SERP benefits.

The current SERP distribution scheme provides that Mr. Hancock will receive quarterly distributions through October 1, 2019. Thus, both Mr. Hancock and Nanticoke will incur an unanticipated liability for Social Security tax on his benefits for each of the next 13 years.

(4) One practical alternative to avoid the unanticipated additional cost of the 6.2% Social Security tax on Mr. Hancock's SERP benefits would be to terminate the SERP, and distribute all benefits to Mr. Hancock and his former spouse *immediately*. This would avoid the application of Social Security taxes, in excess of the annual wage base limitation, for each of the next 13 years' payments under the current distribution scheme. However, the immediacy for the distribution of Mr. Hancock's SERP benefits must be tempered against the provisions of the new nonqualified deferred compensation rules under IRC Section 409A.

Mr. Hancock's SERP arrangement was established and vested prior to October 3, 2004 and thus, is generally grandfathered from the application of IRC §409A. However, any modification to Mr. Hancock's SERP, including the cancellation thereof, would subject the SERP to the rules of IRC §409A. The Proposed Treasury Regulations under IRC §409A provide that a modification to a deferred compensation arrangement cannot result in a distribution of cash or vested property during the calendar year 2006. Thus, in order to avoid the application IRC §409A, and the assessment of an additional 20% penalty tax against Mr. Hancock personally, the cancellation of Mr. Hancock's SERP cannot result in the distribution of his vested SERP benefits ***until January 2007 or later.***[2]

(5) Unless the medical coverage is provided via a private insurance policy, rather than under Nanticoke's self-insured health insurance arrangement, these medical benefits are taxable as additional compensation to Mr. Hancock. In addition, the commitment to provide taxable health insurance benefits over an extended period could potentially be construed as an NQDC arrangement subject to taxation under IRC §457(f).

The taxable medical coverage will not be subject to the NQDC rules under IRC §409A, because the Separation Agreement was executed on October 18, 2004. Amounts deferred prior to January 1, 2005 are grandfathered under IRC §409A.

---

[2] *See,* Preamble to Prop. Reg. 1.409A-1, Section XI, C, "Change in payment elections or conditions on or before December 31, 2006."

# EXHIBIT "B"

# COOCH AND TAYLOR, P.A.
## ATTORNEYS AT LAW

DONALD C. TAYLOR
1930-2005

H. ALFRED TARRANT, JR.
ROBERT W. CROWE
BONNIE H. SHEER
W. JEFFREY WHITTLE*
MICHAEL A. FRIEDBERG**
JEOFFREY L. BURTCH
C. SCOTT REESE
ANDREW P. TAYLOR*
THOMAS D. SHELLENBERGER

*ALSO ADMITTED IN PA
**ALSO ADMITTED IN PA AND VA

824 MARKET STREET
SUITE 1000
P.O. BOX 1680
WILMINGTON, DE 19899-1680

WWW.COOCHTAYLOR.COM
F 302.984.3939
T 302.984.3800

EDWARD W. COOCH, JR.
OF COUNSEL

ADAM SINGER+
ROBERT W. PEDIGO
ROBERT W. MALLARD
GEORGE R. TSAKATARAS*
SHELLEY A. KINSELLA
ERIC M. ANDERSEN
PAULA C. WITHEROW*
NANCY N. DOUGHTEN***

***ALSO ADMITTED IN CT
+ALSO ADMITTED IN MA AND NY

May 25, 2007

Mr. J. Douglas Connell
Vice President, Finance
Nanticoke Health Services
801 Middleford Road
Seaford, De 19977

Re: Deferred Compensation Plan provided to Edward Hancock; ERISA § 104 and 105 Request

Dear Mr. Connell,

Because Nanticoke Health Services has failed to respond to H. Alfred Tarrant, Jr.'s letters regarding Barbara Johnson's issues concerning your withholding of FICA from her distribution from the Deferred Compensation Plan for Edward Hancock, this file has been forwarded to the litigation department.

Let this letter serve as Ms. Johnson's ERISA §104(b)(4) and §105 request for pre-litigation discovery. Specifically, this letter requests the plan document, the trust agreement, the latest SPD, and all summary annual reports for the Deferred Compensation Plan established for Edward Hancock. If the following documents are not served at my office within the statutory prescribed time, you will be subject to the unique ERISA penalties associated with pre-litigation discovery and payment of my fees to enforce Ms. Johnson's rights to those documents.

Finally, let this letter serve as another notice that Ms. Johnson does not wish to receive a distribution from the Deferred Compensation Plan in one lump sum as proposed by Ernst & Young in its October 13, 2006 memo to you. The Third Circuit has provided for a claim against plan administrators for unilaterally amending executive deferred compensation plans to provide for lump sum distributions to the detriment of beneficiaries who will be subject to large unexpected tax liabilities.

Regards,

Eric M. Andersen

cc: H. Alfred Tarrant, Jr.
    Barbara R. Johnson

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BARBARA R. JOHNSON

**DEFENDANTS**
NANTICOKE MEMORIAL HOSPITAL, INC.

(b) County of Residence of First Listed Plaintiff **SUSSEX**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **SUSSEX**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
COOCH AND TAYLOR
824 North Market Street, Suite 1000, Wilmington, DE 19899
(302) 984-3811

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC §1024(b)(4)
Brief description of cause:
Failure to provide documents related to a employee benefit plan

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: July 19, 2007
SIGNATURE OF ATTORNEY OF RECORD: Eric Andersen

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _07 - 4 5 4_

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

___7/20/07___  X _[signature]_
(Date forms issued)           (Signature of Party or their Representative)

X  Brian Pierce
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action